I'm remiss in that I failed to introduce, my clerk's pointed out to me, that we have a visiting judge sitting with us, Judge Kaffner from the Eastern District of New York. We very much appreciate your traveling down to sit with us. Thank you so much for coming. All right, our next case for argument is 24-2380 Shelton v. Collins. Please proceed. Good morning, and may it please the court. My name is Caitlin Pearson on behalf of claimant appellant Michael Shelton. The Veterans Court legally erred by incorrectly interpreting 38 CFR section 4.16a to allow reliance on evidence unlinked to the relevant period. For a claim of total disability based on individual unemployability, or TDIU. Can you tell me, let's just actually look at 4.16a if you don't mind, and tell me what portion of the regulation they misinterpreted. What's the exact, is it the is language? What is the exact language that you're hinging your regulatory interpretation question on? Yes, Your Honor, that is the verb tense of the regulation. It asks whether the veteran is unable to secure or follow a substantially gainful occupation, or whether the veteran is marginally employed. That present tense language anchors the inquiry to the time for which the TDIU is sought. Thus, under the correct interpretation of section 4.16a, the focus of the TDIU analysis is the claim period. Okay, but you don't disagree that the question that this regulation is getting to is, is the person unable to work? Is the person disabled? Yes, that's correct. So how did they interpret that language wrong? I'm just where, I'm not seeing the misinterpretation of that language. It's not like they said, well, let's consider a different time period. Did they? Or is that what you're saying, that by effectively allowing evidence that came in either before or after, it somehow isn't tethered exactly to that time period? That is essentially what we're saying, Your Honor. By considering this evidence from, in this case, 20 years before the time period, and not linking it to the claim period, that was a misinterpretation of the regulation. Well, no, see, now you've just moved, because your interpretation of is, I understood you to say, means nothing that isn't contemporaneous can be considered, is that right? No, that's not correct, Your Honor. We don't disagree that there can be language or evidence from outside of the claim period that can inform the TDIU analysis. Can inform the analysis of whether you are disabled at a particular point in time. That's correct. So that how are they misinterpreting that regulation? That's what I'm still not getting. You agree that evidence that comes from a different time period can inform whether you are in a TDIU status on a particular time period. That's the legal standard. The legal standard is the time period. And you're saying, yes, evidence does not have to be contemporaneous, but you're saying, but this evidence, because it came 20 years earlier, is no bueno. And so that feels like application of law. In fact, to me, it does not feel like a legal question. I understand your question, Your Honor. Here, the board and the Veterans Court acknowledge that the evidence was from 20 years before the claim period. And they relied on it purely because it was the only evidence in the record. They did not even attempt or make a logical link between the evidence and the claim period. It's that lack of reasoning, that lack of a link between the evidence and the time period, that's the misinterpretation of the regulation here. If you look at the Veterans Court's decision, they affirm the board's analysis, the board's reliance on this 20-year outdated financial evidence, regardless of how outdated the information may have been. That interpretation allowing the board to rely on any evidence, regardless of any link to the relevant period, is the misinterpretation of the regulation in this case. How do you contend the regulation should be interpreted? The regulation, here again, the focus is the claim period. So again, we're not asking for a per se rule that would exclude any evidence outside of the claim period. That's not what the regulation requires. But the regulation requires a link that somehow links evidence from outside the claim period to the TDIU time period, in this case, 2021. So if the board had made a logical link beyond saying, this is the only evidence in the record, we're going to rely on it, if they had somehow linked that evidence to 2021, that would satisfy. That would be a correct interpretation. How would that have application of law to that? Because this is not a question of what evidence is relevant. It's a question of what the regulation allows the board to rely upon, what evidence the regulation allows. But you're not saying the board couldn't rely on it. Correct. We're not saying the board can't rely on it. We're just saying that they did not make the link necessary for the board to rely, or for them to rely on it to deny Mr. Shelton's claim. The board's and the veterans court's incorrect interpretation of section 4.16a renders its decision legally erroneous and insufficient under 38 U.S.C. section 7104. Mr. Shelton, therefore, asked this court to vacate the decision below and remand to the veterans court with instructions to remand the case to the board to consider Mr. Shelton's claim consistent with the correct interpretation of section 4.16. Again, this is not a factual dispute. Mr. Shelton does not ask this court to reaway evidence or determine whether he was marginally employed as a matter of fact. Instead, he challenges the veterans court's legal interpretation of section 4.16a, specifically what evidence may lawfully be relied upon in a TDIU analysis. Under 38 U.S.C. section 7292c, that question, what the regulation allows the board to rely upon, is squarely within this court's jurisdiction. As explained before, the evidence relied upon by the board to deny Mr. Shelton's claim predates the claim by two decades, predates the decline and closure of Mr. Shelton's business, and predates the functional limitations the board itself acknowledged. The board made no logical link between the evidence from 2001 and Mr. Shelton's income in 2021. In fact, their only reasoning for relying on this evidence to deny Mr. Shelton's claim was that it was the only annual income data in the record. The veterans court affirmed that reasoning, holding it permissible to rely on the evidence, quote, regardless of how outdated the information may have been. That holding misinterprets section 4.16a. It converts a regulation focused on current employability into one that allows denial of benefits based on historical earning capacity divorced from the period relevant to the claim. Under the correct interpretation of section 4.16a, evidence outside the claim period may be relied upon only if it sheds light on the veteran's ability to secure or follow substantially gainful employment or the veteran's earning capabilities during the relevant period. The board must make a logical link between the evidence it relies upon and the claim period. This court can only review the decision in front of it. The board here did not make a link between the 2001 evidence and the claim period. So basically they should have said more in their decision if they were gonna look at this evidence, they should have explained why they thought evidence from 20 years ago was irrelevant? Yes, that's correct, Your Honor. We cannot assume that the board correctly applied the regulation at the expense of the veteran. Here it seems clear that their reliance was solely based on the fact that it was the only evidence of record. And that's violated. I mean, I don't wanna be a broken record, but why is that not, again, application of law to fact such as outside our jurisdiction? Yes, Your Honor. Again, this is not challenging whether this evidence was relevant. It's challenging the fact that the board didn't link the evidence to the claim period. And so as such, it can't be relied upon in the analysis at all. I mean, I guess it feels like it's kind of a separate requirement that you're hypothesizing, which is the obligation to have a reasoned decision that explains the application of the regulation, because it seems like now you're saying actually it's fine to consider this if they explain why they think it's relevant. What we're challenging here is the fact that they're relying on evidence that without a logical link has no bearing on the claim period at all. So the missing link in their analysis renders the decision legally faulty under the regulation, because the regulation requires, again, a focus on the claim period, in this case, 2021. The board here did not make that link, and we cannot assume that the board correctly applied the regulation without that link at the expense of the veteran. Thus, we request that this court vacate the decision below and remand the case to the Veterans Court with instructions to remand to the board to further consider Mr. Shelton's claim under the correct interpretation of 4.16a. Okay, thank you, counsel. Thank you. Mr. Carhart. Mr. Carhart. May it please the court. This court lacks jurisdiction over this appeal, which is predicated upon a challenge to how the board weighed evidence regarding Mr. Shelton's employment. Even if there is jurisdiction, the Veterans Court didn't commit any legal error in affirming the veteran's claim. There are no jurisdiction over any of the arguments that Mr. Shelton is making in this case. The overriding question of substantially gainful employment is a factual question. How the board weighed evidence is a factual question. Whether, to some of the questioning at the end, whether the board provided a reasoned explanation or an appropriate explanation is a reasons or basis challenge that the Veterans Court has jurisdiction over, but this court doesn't. So for all those reasons, there is no jurisdiction. What is your response to opposing counsel's argument that there really is a regulatory interpretation issue here? So our response is, I think we agree that the focus of the board should be the TDIU period, but to decide whether Mr. Shelton is employable during the TDIU period, the board can look at, the board must look at the whole record. Here, in a way, the board's trying to help Mr. Shelton because the predicate or the central assertion in his application, which is at Appendix 1325, is that he stopped working in September 2018. He's asked to list all his employment. He doesn't list anything after September 2018. The board looks at the record and says, hold on a second, that's not correct. He was telling the VA in the context of medical appointments that he was continuing to work in 2020, 2021. So the board says that the essential element of his application is not right. We're not gonna stop there, though. I'm not sure if I got an answer to my question, though. What I heard opposing counsel argue was that there's a regulatory interpretation issue over which we should assert jurisdiction. I think you're saying that is not the case, but if so, can you directly tell? There's an agreement on the essential point that the regulation directs the focus of the inquiry to the TDIU claim period. Is this person unemployable as of the date that they're filing their TDIU application? We all agree on that. But the next step, and I think we agree on the next step, too, which is that the board looks at all of the evidence in the record to decide whether the person is unemployable. So we agree on the two regulatory interpretation points. The next step is, well, how does that apply to the facts of this case? Is this evidence in the record, where does it fall in that scheme? The board found it to be relevant. I'm trying to explain why that is, which is that there's no other evidence in the record that really bears on this question, except for the statements of Mr. Shelton, which the board found to be incorrect. So in terms of what the parties disagree on, that's pure application of law to fact. That's something the court doesn't have jurisdiction over. And just to go a little further, if there are any questions on jurisdiction besides what I've said already, I'm happy to answer them. If not, on the merits, another piece of, in addition to there being no other evidence for the board to rely on, Mr. Shelton, in his application, said he wasn't looking for other work. So all he says is that his business closed down and he wasn't looking for other work. So under those facts, it's gonna be really hard to make out a claim for TDIU in any event, which may inform part of what the board's approach is here. If there are no further questions, we ask the court dismiss the appeal. Thank you, Mr. Carhart. Ms. Pearson. To be clear, we do not disagree that the board must consider the entire record. But here, we disagree with the point made by Mr. Carhart that the board considered evidence in the record that bears on the question. There was no link that the board made between the evidence and the relevant period to indicate that the evidence bears on the question. Without that link, there is a misinterpretation of regulation. We cannot assume that the board correctly interpreted the regulation without making that link between the evidence and the relevant period. And thus, we ask that this court vacate the decision and remand to the board consistent with section 4.16a. If there are no further questions. I thank both counsel. Case is taken under submission.